### HARDY *v.* MARVIN.

Where several parcels of real estate were in controversy and the parties to the action by mutual consent procured a decree to be made, declaring and adjudicating that some of the property should belong to one of the parties and some to the other, without imposing any trust, limitation or condition upon the title of either, the decree, until vacated, modified or reformed for fraud or mistake, is conclusive upon both; and one of them cannot, after it has been fully executed, set up and enforce a parol agreement alleged to constitute a part of the terms of the settlement from which the decree resulted, and by which the other undertook and promised to devise to the former by will one of the parcels disposed of by the decree and declared by it unconditionally and absolutely to be the property of the latter.     *Judgment affirmed.*

August 14, 1894.

Equitable petition. Before Judge FISH. Dooly superior court. August 10, 1893.

In 1893 Mrs. Hardy sued Mrs. Marvin as executrix *de son tort* of G. W. Marvin. The petition was dismissed on demurrer. It shows, in brief, the following: September 15, 1866, plaintiff's aunt, Mrs. Pitts, made and delivered to plaintiff, or to her mother for her, a deed to lots on Broad and Marietta streets, Atlanta, Ga. Mrs. Pitts married Marvin, living with him until her death, which occurred prior to August 28, 1888. She had remained in possession of the property conveyed to plaintiff, and after her death Marvin took possession and

retained control of it.    Plaintiff then sued him in Fulton
superior court to recover the property.    He answered,
and a trial was had upon an application for injunction
and receiver; whereupon he settled the case with her by
making a deed to her for the Broad street lot and de-
livering possession, at the same time agreeing orally, as
a part of the consideration of the compromise, that he
would make his will and therein devise to her the
Marietta street lot, so that at his death she would be
the owner of it in fee.    Before said suit he had been on
intimate and friendly terms with plaintiff; and after the
suit was pending he made friends with her, and repre-
sented to her that he was very anxious to treat her
rightly, that she was about the only relative of his de-
ceased wife that he cared anything for, that he had
always and then entertained most friendly feelings to-
ward her and wanted to see her prosper, that he was
growing old, had heart trouble and could not expect to
live long, that he was willing she should have the Broad
street lot immediately, but he wanted to own and retain
possession of the Marietta street lot as long as he lived,
the rents of which with his other property would render
him comfortable in his age, and he would cheerfully
will it to her.    He said the matter could be closed in
that way, and would be perfectly legal; insisting that
she should make the settlement with him without con-
sulting any one, as he was offering to do the square
thing and would take no advantage of her, that he had
a good and honorable lawyer who would draw the pa-
pers in legal shape, and that it would be much better
for her than to go further and take the risk of losing
all in the end.    Thus by his flattering promises he in-
duced her to make the settlement without the knowledge
or consent of her counsel, in fact stating that if her
counsel knew of the settlement they might advise her
against it to her injury.    She had renewed confidence

in him, believed he would do as he promised, and relying on his promises made the settlement, with no writing but the deed to the Broad street lot.   She did not know that a written agreement to will her the Marietta street lot was necessary; he represented that it was unnecessary, and she believed what he said.   If the oral agreement was not good, he perpetrated a fraud on her by his representations.   He had his lawyer to take a consent verdict and decree (copy of which is attached) whereby the deed to the Broad street lot and the title thereto were confirmed in her, in satisfaction of all her claims against him or any of the realty described in the pleadings; and whereby all other issues were settled in his favor, and especially was the title to the Marietta street lot and other pieces of property confirmed in him.   Notice of this compromise was brought to her counsel, who agreed to the verdict and decree, but without knowledge of the agreement to will the Marietta street lot to her. After this settlement, which was in November, 1888, Marvin married again, moved to Dooly county, and there died intestate in 1891.   Before his death he sold the Marietta street lot to an innocent purchaser, and his widow has converted the proceeds of this sale to her own use, and is liable to plaintiff for the value of the same.

Simmons & Corrigan and Busbee & Crum, for plaintiff.
Allen Fort, for defendant.